UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 13 CV 4090

Darren Staton

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

## COMPLAINT

-against-

Police Commissioner
Detective Martiny
Detective Carson
Detective Rutherford
Detective John Doe

Jury Trial:  ☒ Yes   ☐ No
(check one)

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*

RECEIVED

JUN  5 2013

PRO SE OFFICE

## I.    Parties in this complaint:

A.   List your name, address and telephone number.  If you are presently in custody, include your
identification number and the name and address of your current place of confinement. Do the same
for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff    Name  Darren Staton
Street Address  140-45 160st
County, City  Queens
State & Zip Code  11434
Telephone Number  718  723-1443

B.   List all defendants.  You should state the full name of the defendant, even if that defendant is a
government agency, an organization, a corporation, or an individual.  Include the address where
each defendant may be served.  Make sure that the defendant(s) listed below are identical to those
contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant No. 1    Name  DETECTIVE Martiny
Street Address  167-02 Baisley Blvd

*Rev. 05/2010*

County, City **Queens N.Y.**
State & Zip Code **11434**
Telephone Number **718 712 - 8228**

Defendant No. 2    Name **DETECTIVE CARSON**
Street Address **167-02 Baisley Blvd**
County, City **Queens N.Y.**
State & Zip Code **11434**
Telephone Number **718 712 8228**

Defendant No. 3    Name **DETECTIVE Rutherford**
Street Address **167-02 Baisley Blvd**
County, City **Queens N.Y.**
State & Zip Code **11434**
Telephone Number **718 712 8228**

Defendant No. 4    Name **Police Commissioner**
Street Address **1 Police Plaza**
County, City **N.Y. N.Y**
State & Zip Code **10038**
Telephone Number **212 374 5000**

## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal Questions          ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? **4th 5th 8th And 14th AMENDMENT Constitutional Violations Article 1-Sec 12 N.Y.S. Constitution**

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

## III.    Statement of Claim:

State as briefly as possible the facts of your case.  Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events.

Defendant #5   DETECTIVE John DOE
                1b7.02   Baisley  Blvd
                QUEENS  N.Y.  11434
                718  712-8228

# "STATEMENT OF CLAIM

Detective Rutherford Along With A UNKNOWN
Black Male Detective, Detective Carson And Detective
Martiny Came to My home ON JAN 4th 2011 At 5:30
A.M. With A Search WARRANT FOR DARNell
Kingsberry, And John Johnson Detective (Rutherford
Entered First Then the UNKNOWN Male Black
Detective Carson third Martiny Last Without
CONSENT Detective Martiny And Carson Proceeded
Steaight upstairs to the Second Floor And
Searched All the Rooms And the Attic
Detective Rutherford And the unknown
Black male Detective Remain down Stairs
And Search The living Room Area
Detective Rutherford Place me In hand
Cuffs After he Asked me my Name And
Then told me to Sit down And be Quiet
Detective martiny And corson come
Back down Steirs with A Brown
leather Jacket Place me in Their
Vehicle And transported me to 113th
Precint where I was Place in A room
for Several hours Before A Detective
by The Name of Pete Come And Ask
me About A Shooting And do I know
About Any homocides I told him No
then Shortly After martiny And Carson
Question me About Some Robberies
I was Then Place in Several line-ups
And Allegedelly Picked out By (4) Witnessess

Cont

## STATEMENT of Claim

RayMond Kelly Is A Defendent
Because he is Responsible for The
Actions of his Subordinates And
That he Fail to train And/or teach
the Detectives to Conduct themselves
Within the Guidelines of the Law
U.S. CONSTitution IN Maintaining the
highest Standards of Integrity

You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.   Where did the events giving rise to your claim(s) occur? 140-45 160 st

JAMAICA NEW YORK 11434

B.   What date and approximate time did the events giving rise to your claim(s) occur? January

4th 2011   5:30 AM

C.   Facts: 1) Plantiff Was Arrested ON Jan 4th 2011 in His Home At 140-45 160 St. Jamaica N.Y. 11434 2) Plantiff Denies Being Involved IN Any of the Robberies Charged IN the Indictment 3) UPON INformation And Belief The Police Entered My home ON Jan 4th 2011 Without AN Arrest Warrant Nor Search Warrant 4) Police Lacked Probable Cause to Arrest Plantiff 5) After Being Arrested Plantiff Was Escorted to the 113th Precint Where he Was Place IN AN ILLegal Line UP The Plantiff WAS ALLegedly Identified by Complaining Witnesses 6) The Plantiff Arrest Violated His Right to Be Free from Unreasonable Seizures As Guaranteed By the 4th AND 5th Amend Ment Of The U.S. Constitutioo 7) The Line UP WAS A Direct Result of Plantiff ILLegal Arrest

**What happened to you?**

**Who did what?**

**Was anyone else involved?**

**Who else saw what happened?**

IV.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. UNLawFul IMPrison Menti Mental Anguish pain And suffering Plantiff Suffered Harm And Great DELAY IN Filing Legal Motions 30.30 (1)(A) 30.30 (2) A Writ of habeas Corpus Equal Protection of The Law Statues and Constitutions

*Rev. 05/2010*

**V.    Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. Punitive Damages 5 Million Compensatory Damages .5 Million Pain And Suffering 5 Million Individually And IN official Capacity

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 24 day of MAY , 2013

Signature of Plaintiff Darren Stalor

Mailing Address 18-18 Hazen St EAst Elmhurst N.Y. 11370

Telephone Number _____

Fax Number *(if you have one)* _____

**Note:** All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

**For Prisoners:**

I declare under penalty of perjury that on this 24 day of May , 2013, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: Darren Stalor

Inmate Number 441-11-00127

*Rev. 05/2010*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Darren Staton
_____

_____

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

\_\_\_\_ Civ. \_\_\_\_\_ ( \_\_ ) ( \_\_ )

- against -

**AFFIRMATION OF SERVICE**

Police Commissioner
Detective Martiny / Detective John Doe
Detective Carson
Detective Rutherford
_____

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

I, Darren Staton _____, declare under penalty of perjury that I have
*(name)*      Prisoners Authorization

served a copy of the attached 42 u.s.c § 1983 (Pro Person App'n (App For Pro bono counsel)
*(document you are serving)*

upon _____ whose address is _____
*(name of person served)*

_____
*(where you served document)*

by _____
*(how you served document: For example - personal delivery, mail, overnight express, etc.)*

Dated: 24 -4 _____, N.Y
*(town/city)*      *(state)*

MAY   24 , 20 13
*(month)*   *(day)*   *(year)*

Darren Staton
Signature

18-18 Hazen St
Address

Queens N.Y.
City, State

11370
Zip Code

_____
Telephone Number

*Rev. 05/2010*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS: CIVIL TERM

DARREN STATEN,

                           PETITIONER

          -against-

WARDEN, LUIS RIVERA, NYC DEPT. OF CORRECTION

                           DEFENDANT-

PETITION FOR
WRIT OF HABEAS
CORPUS
PURSUANT TO CPLR
S 7000

Doc. No: 2011QN00550
NYSID: 04829367-L
Ind.# 00856/2011

PLEASE TAKE NOTICE, that upon the annexed affidavit of Darren Staten, duly sworn/affirmed on the 28th day of December, 2012 and upon the indictment and all the proceedings had herein, under the signed will move this Court, Supreme Court located at Civil Term Of Queens County 88-11 Supthin Blvd., Jamaica, New York on the day of Jan., 2013 at 9:30 O'clock in the forenoon of that day or as soon thereafter as counsel can be heard for an order of WRIT OF HABEAS CORPUS pursuant to New York State Civil Practice Law and Rules, sections 7001-7012, and any further relief as the court may deem just and proper.

                              Yours, etc...

                              Darren Staten
                                 PETITIONER

A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS: CIVIL TERM

---

DARREN STATEN,

                         PETITIONER

        -against-

WARDEN, LUIS RIVERA, NYC DEPT. OF CORRECTION

                      DEFENDANT-

PETITION FOR
WRIT OF HABEAS
CORPUS
PURSUANT TO CPLR
S 7000

Doc.No: 2011QN00550
NYSID: 04829367-L
Ind.# 00856/2011

---

STATE OF NEW YORK    )
                       ) ss:
COUNTY OF QUEENS    )

     1. Darren Staten, being duly sworn, deposes and says:

     I am the petitioner in the above-entitled action, and is

personally familiar with the facts and circumstances herein

stated.

     I am a detainee presently being detained at A.M.K.C./C-95

listed hereunder the mailing adress of 18-18 Hazen Street,

Riker's Island, East Elmhurst, New York 11370, herein considered

the County of the Bronx.

     WHEREUPON, although I am personally familiar with all the

facts and statements hereinafter stated to the best of my know-

ledge, information and belief, I am a layperson in matters of

the law and seek this Court's indulgence for errors, defects and

faults pursuant to sec. 2101(f) of the Civil Practice Law and

Rules.

     On the 5th day of January, 2011, a complaint was filed in

the Criminal Court of New York County, charging the said petition

-er with the offense(s) of Robbery 1st, Robbery 2nd, Robbery 3rd,

Assault 2nd. In violation of New York State Penal Law, section(s) 160.15, 160.10, 160.05, and 120.05.

Arraignment of the Petitioner on the above mentioned complai -nt took place in this court on the 5th day of January 2011, and Petitioner was held for Grand Jury proceedings. Subsequently, Petitioner was held and indicted for the afforementioned charges and was arraigned upon said indictment in Supreme Court, Queens County on the 22nd day of April, 2011.

Where upon this Petitioner respectfully request that the Court grant this motion for the WRIT OF HABEAS CORPUS pursuant to the laws, statutes, and arguments annexed herein. The place where the Petitioner is imprisoned and restrained of his liberty is pre -sently located at Anna M. Kross Center, 18-13 Hazen Street, East Elmhurst, New York 11370.

That a single Court or Judge of the State (United States) does not have exclusive jurisdiction to release or order Petition -ers release.

A) The Petitioners detention is illegal. In that the arrest and subsequent action of the N.Y.P.D. was done in the abuse of the Petitioners 4th Ammendment rights of the United States Const- itution. (see, Article 1 section 11 & 12 of The New York State Constitution)

B) Accordingly, pursuant to CPL 30.30(2)(a), the Petitioner, having been charged with at least one felony offense, must be re- leased on bail or his own recognizance from the custody of New York City Department of Corrections, insofar as the People have not been ready for trial in the instant criminal action within

ninety (90) days from the commencement of Mr. Staton's commitment
to the custody of the Sheriff.

Petitioner has well over the 90 day time period required by
statute. Henceforth, Petitioners Speedy Trial Rights have been
violated. As well as Petitioners equal protection of the law.

That no appeal has been taken from any order or judgement in
any action or proceeding against said Petitioner, whereby Petitio
-ner has been imprisoned or restrained of his liberty.

Wherefore Petitioner preys that a WRIT OF HABEAS CORPUS
directed to the said Warden of the facility Petitioner is present
-ly incarcerated will be issued; requested the Production of the
Petitioner before the Court for the purpose of inquiring into the
cause of the imprisonment and restraint of the Petitioner and of
delivery of the Petitioner there from, pursuant to the statutes
in such cases may provide.


## LEGAL ARGUMENT

Petitioner denied Rights to Equal protection of the Laws of
New York State regarding New York Constitutional Article (1) sec-
tion (11) and deprived Due Process New York Constitution (1) and
(6) New York (14th) ammendment to be secured in his person and
affects against unreasonable searches and seizures shall not be
violated New York Constitution article (1) section (12) and the
United States Constitution (4th) ammendment and no warrant shall
be issued but upon probable cause supported by oath or affirmat-
ion and particularly describing the place to be searched and the
person or thing to be seized.

## STATEMENT OF FACTS

### (A)

1. That Petitioner is being restrained of his liberty and present-ly detained at ANNA M. KROSS CENTER listed under the mailing add-ress of 18-18 Hazen Street, East Elmhurst, New York 11370.

2. The Petitioner was arrested January 4th, 2011 in his home at 140-45 150th Street, Queens County.

3. Petitioner denies being involved in any of the robberies charg-ed in the indictment.

4. Upon information and belief the police entered my home on Jan-uary 4th, 2011, without either a search warrant nor arrest warr-ant.

5. The police lacked probable cause to arrest petitioner.

6. After being arrested, the petitioner was transported to the 113th precinct where he was placed in an illegal line-up the petitioner was allegedly identified by the complaining witness.

7. The arrest of the petitioner violated his right to be free from unreasonable seizures as guaranteed by the 4th ammendment of the United States Constitution and article 1, Section 12 of the New York State Constitution.

8. The lineup identification were the direct result of the pet-itioner's illegal/unlawful arrest.

## STATEMENT OF FACTS

(B)

1. Mr. Staton was arraigned on January 5th, 2011. He was remanded and the case was adjourned to January 19th, 2011. He executed a speedy trial waiver which expired on February 2nd, 2011.

2. On January 19th, 2011 the case was adjourned to February 16th, 2011. There is no indication in the court file that this adjournment was on consent or that the waiver was extended.

3. On February 16th, 2011 the case was adjourned to March 23rd, 2011. There is no indication in the court file that this adjournment was on consent or that the waiver was extended.

4. On March 23rd, 2011 the case was adjourned to April 6th, 2011. There is no indication in the court file that this adjournment was on consent or that the waiver was extended.

5. On April 6th, 2011 the case was sent forthwith to Part AR3 where the Petitioner was notified that he was indicted. The case was adjourned to April 27th, 2011 Part Tap-A. There is no indication in the court file that this adjournment was on consent or that the waiver was extended.

6. On April 27th, 2011 Mr. Staton was arraigned on the indictment and a motion schedule was set. The case was adjourned to June 14 2011 for decision on the motions.

7. On June 14th, 2011 the case was adjourned to July 7th, 2011 for decision. There is no indication in the court file that this adjournment was on consent.

8. On July 7th, 2011 a decision was rendered granting a Dunaway,
Mapp,Wade, and Payton hearing. The case was adjourned to July 27
2011 for hearings. There is no indication in the court file that
this adjournment was on consent.

9. On July 7th, 2011 the District Attorney answered not ready.
The case was adjourned to August 4th, 2011.

10. On August 4th, 2011 the case was sent fortwith to part K-21
for hearings. The case was adjourned for continued hearing to
September 9th, 2011. There is no indication in the court file
that this adjournment was on consent.

11. On September 9th, 2011 hearings were continued and the case
was adjourned for a decision to October 26th, 2011.

12. On October 26th, 2011 and November 16th, 2011 the case was
adjourned for decision.

13. On December 21, 2011 a decision was rendered. The case was
adjourned to February 3rd, 2012. There is no indication in the
court file that this adjournment was on consent.

14. On February 3rd, 2012 the case was adjourned to March 5th,
2012. There is no indication in the court file that this adjour
-nment was on consent.

15. On March 5th, 2012 the defense requested an adjournment to
March 29th, 2012.

16. On March 29th, 2012 the case was adjourned to April 9th,
2012. The People answered not ready.

17. On April 9th, 2012 the case was adjourned to May 3rd, 2012
for a decision on the defense motion.

18. On May 3rd, 2012 a decision on the motion to sever was render
-ed. The case was adjourned to June 14th, 2012 for trial. There

is no indication in the court file that this adjournment was on consent.

20. On June 14th, 2012 instant counsel was appointed. The case was adjourned to July 23rd, 2012 for new defense counsel to obtain and review the defendant's file.

21. From July 23rd, 2012 to March 8th, 2013 there have been thirteen (13) adjourn dates. During these adjournments, some time periods have been charged to the prosecution. The total of said time chargeable to the prosecution is in excess of ninety (90) days.

The Petitioner respectfully requests the right to make any and all further motions as may be necessary as a result of information and disclosure from the granting of the requests made herein and/or information received from any record within a reasonable time.

No other application for the relief sought herein has been made to this or to any other court.

WHEREFORE, this Petitioner respectfully prays that an order of WRIT OF HABEAS CORPUS be issued granting this motion pursuant to the aforesaid sections of the New York State Practice Law and Rules, and taking into consideration the facts and argument annexed herein, or, in the alternative, an order be issued granting partial relief, or whatever relief the Court sees and deems fit and appropriate to insure the swift and proper administration of justice.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS: CRIMINAL TERM : PART TAP-A
-----------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

             -against-                              IND. No. 00856/11

                                               MOTION PURSUANT TO
                                               CPL 30.30, 2(a)

DARREN STATON,
                           Defendant.
-----------------------------------------------------------------X

      PLEASE TAKE NOTICE, that upon annexed affirmation of SCOTT M. DAVIS, Esq. of

DAVIS & GUGERTY, attorneys at law and based upon all the proceedings heretofore had

herein , the undersigned duly assigned to represent the defendant, will move this Court at a

Criminal Term, Part Tap A, thereof to be held in and for the County of Queens, at 125-10 Queens

Blvd. Kew Gardens, New York, on the 4th day of October , 2012, at 9:30 a.m. for :

           1. A Motion for the Defendant's release pursuant to CPL 30.30, 2 (a)

     And for such other and further relief as this Court may deem just and proper.

DATED:  QUEENS, NEW YORK
           September 17, 2012              Yours etc.,

                                            Davis & Gugerty
                                          Attorneys for Defendant
                                          118-35 Queens Blvd., Suite 1500
                                          Forest Hills, New York  11375
                                          (718) 268-2986

"B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS: CRIMINAL TERM : PART TAP A
-------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

          -against-                                IND. No. 00856/11

                                                AFFIRMATION

DARREN STATON,
                            Defendant.
-------------------------------------------------------------------X

State of New York )
                   ) ss:
County of Queens )

    I Scott M. Davis, being an attorney at law admitted to practice in the Courts of the State of

New York and being a partner in the law firm of DAVIS & GUGERTY who were duly assigned to

represent the Defendant herein, do hereby affirm the statements herein to be true under the penalties

of perjury, except such as are made upon information and belief which matters I believe to be true.

    1)    Your affirmant was assigned to this case pursuant to 18B of the County Law as the

Tap Anchor on June 14, 2012.

    2)    Mr. Staton was arraigned on January 5, 2011. He was remanded and the case was

adjourned to January 19, 2011. He executed a speedy trial waiver which expired on February 2,

2011.

    3)    On January 19, 2011 the case was adjourned to February 16, 2011. There is no

indication in the court file that this adjournment was on consent or that the waiver was extended.

    4.    On February 16, 2011 the case was adjourned to March 23, 2011. There is no

indication in the court file that this adjournment was on consent or that the waiver was extended.

5.      On March 23, 2011 the case was adjourned to April 6, 2011. There is no indication in the court file that this adjournment was on consent or that the waiver was extended.

6.      On April 6, 2011 the case was sent forthwith to Part AR3 where the defendant was notified that he was indicted. The case was adjourned to April 27, 2011 Part Tap-A. There is no indication in the court file that this adjournment was on consent or that the waiver was extended.

7.      On April 27, 2011 Mr. Staton was arraigned on the indictment and a motion schedule was set. The case was adjourned to June 14, 2011 for decision on the motions.

8.      On June 14, 2011 the case was adjourned to July 7, 2011 for decision. There is no indication in the court file that this adjournment was on consent .

9.      On July 7, 2011 a decision was rendered granting Dunaway, Mapp, Wade and Payton hearings. The case was adjourned to July 27, 2011 for hearings. There is no indication in the court file that this adjournment was on consent .

10.      On July 7, 2011 the district attorney answered not ready. The case was adjourned to August 4, 2011.

11.      On August 4, 2011 the case was sent forthwith to part K-21 for hearings. The case was adjourned for continued hearing to September 9, 2011. There is no indication in the court file that this adjournment was on consent .

12. On September 9, 2011 hearing were continued and the case was adjourned for a decision to October 26, 2011.

13. On October 26, 2011 and November 16, 2011 the case was adjourned for decision.

14. On December 21, 2011 a decision was rendered . The case was adjourned to February 3, 2012. There is no indication in the court file that this adjournment was on consent .

15. On February 3, 2012 the case was adjourned to March 5, 2012. There is no indication in the court file that this adjournment was on consent .

16. On March 5, 2012 the defense requested an adjournment to March 29, 2012.

17. On March 29, 2012 the case was adjourned to April 9, 2012. The People answered not ready.

18. On April 9, 2012 the case was adjourned to May 3, 2012 for a decision on the defense motion.

19. On May 3, 201 a decision on the motion to sever was rendered. . The case was adjourned to June 14, 2012 for trial . There is no indication in the court file that this adjournment was on consent .

20. On June 14, 2012, instant counsel was appointed.

Accordingly, pursuant to CPL§ 30.30(2)(a), the defendant, having been charged with at least one felony offense, must be released on bail or his own recognizance from the custody of New York City Department of Corrections, insofar as the People have not been ready for trial in the instant criminal action within ninety (90) days from the commencement of Mr. Staton's commitment to the custody of the Sheriff.

Davis & Gugerty
118-35 Queens Blvd. Suite 1500
Forest Hill, N.Y. 11375
By: Scott M. Davis

Scott M. Davis

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS: CRIMINAL TERM PART: **TAP-A**

———————————————————————————— X

THE PEOPLE OF THE STATE OF NEW YORK

                                              AFFIRMATION
                                                    IN
                -against-                       OPPOSITION

                                                **IND#: 856/2011**

**DARREN STATON**
                         Defendant

———————————————————————————— X

     I, **Michael Whitney**, being an attorney at law admitted to practice in the Courts of this State and an Assistant District Attorney of the County of Queens, of Counsel to RICHARD A. BROWN, DISTRICT ATTORNEY of the County of Queens, attorney of record for the People of the State of New York, do hereby affirm the statements herein to be true under the penalties of perjury, except such as are made upon information and belief, which matters I believe to be true.

## MOTION TO DISMISS PURSUANT CRIMINAL PROCEDURE LAW § 30.30

     The People respectfully oppose defendant's motion pursuant to Criminal Procedure Law § 30.30(2)(a) to release defendant. The People were ready for trial within the statutory time limit and have not denied the defendant a speedy trial. The total number of days chargeable to the People is within the 90 day statutory period as set by Criminal Procedure Law § 30.30(2)(a).

     The People have the burden of establishing that a given time period is excludible once the defendant has shown the existence of a delay greater than the statutory time limit. People v. Berkowitz, 50 N.Y.2d 333, 349 (1980); People v. Kendzia, 64 N.Y.2d 331, 338 (1985). However, once the People announce their readiness for trial, the burden shifts to the defendant to demonstrate that "any postreadiness adjournments occurred under circumstances that should be charged to the People." People v. Cortes, 80 N.Y.2d 201, 215 (1994).

     On January 5, 2011, defendant was arraigned on the criminal complaint. The case was adjourned on consent to January 19, 2011, with a waiver to February 2, 2011. (0 days chargeable).

     On January 19, 2011, in Part AP-6, the case was adjourned on consent to February 16, 2011, with a waiver to March 2, 2011. (0 days chargeable)

1



On February 16, 2011, in Part AP-6, the case was adjourned on consent to March 23, 2011, with a waiver to April 6, 2011. (0 days chargeable)

On March 23, 2011, in Part AP-6, the case was adjourned to April 6, 2011 for grand jury action. (0 days chargeable)

On April 6, 2011, in Part AP-6, the case was adjourned to April 27, 2011 in Part TAP-A, for Supreme Court arraignment.   On April 22, 2011, the indictment was filed and the People filed a certificate of readiness. (16 days chargeable)(16 days chargeable total)

On April 27, 2011, the defendant was arraigned on the Supreme Court Indictment in Part TAP-A. The People announced Ready.  A motion schedule was set and the case was adjourned to June 14, 2011 in TAP-A for decision on motion. (0 days chargeable)(16 days total chargeable). The time for this adjournment is excludable time under New York Criminal Procedure Law Section 30.30(4)(a).

On June 14, 2011, in Part TAP-A, the case was adjourned to July 7, 2011, in Part TAP-A, for decision on motion. (0 days chargeable)(16 days total chargeable).  The time for this adjournment is excludable time under New York Criminal Procedure Law Section 30.30(4)(a).

On July 7, 2011, in Part TAP-A, the Court issued a decision on the defendant's motion and adjourned the case to July 27, 2011, in Part TAP-A, for hearing.  (0 days chargeable)(16 days total chargeable). The time for this adjournment is excludable time under New York Criminal Procedure Law Section 30.30(4)(a).

On July 27, 2011, in Part TAP-A, the People announced not ready for the hearing and the case was adjourned to August 4, 2011, for hearing.  (8 days chargeable)(24 days total chargeable).  The time for this adjournment is excludable time under New York Criminal Procedure Law Section 30.30(4)(a).

On August 4, 2011, in Part K-21, the People announced ready for the hearing and the hearing was started.   In Part K-21, the case was adjourned to September 9, 2011 for additional evidence.  (0 days chargeable)(24 days total chargeable).  The time for this adjournment is excludable time under New York Criminal Procedure Law Section 30.30(4)(a).

On September 9, 2011, in Part K-21, additional evidence was presented to the Court. The case was adjourned to October 26, 2011, in Part K-21, for decision on motion. (0 days chargeable)(24 days total chargeable).  The time for this adjournment is excludable time under New York Criminal Procedure Law Section 30.30(4)(a).

On October 26, 2011, in Part K-21, the Court did not have a decision yet and the case was adjourned to November 16, 2011, in Part K-21, for decision on motion. (0 days chargeable)(24 days total chargeable). The time for this adjournment is excludable time under New York Criminal Procedure Law Section 30.30(4)(a).

On November 16, 2011, in Part K-21, the Court did not have a decision yet and the case was adjourned to December 21, 2011, in Part K-21, for decision on motion. (0 days chargeable)(24 days total chargeable). The time for this adjournment is excludable time under New York Criminal Procedure Law Section 30.30(4)(a).

On December 21, 2011, in Part K-21, the Court issued a decision on motion and adjourned to February 3, 2012, in Part TAP-A for trial and for DNA results. (0 days chargeable)(24 days total chargeable). The time for this adjournment is excludable time under New York Criminal Procedure Law Section 30.30(4)(g) and Section 30.30(4)(b).

On February 3, 2012, in Part TAP-A, the DNA results were not available and the People requested additional time for the DNA results to be delivered by OCME. The case was adjourned to March 5, 2012, in Part TAP-A. (0 days chargeable)(24 days total chargeable). The time for this adjournment is excludable time under New York Criminal Procedure Law Section 30.30(4)(g).

On March 5, 2012, in Part TAP-A, the DNA results were not available and neither was defense counsel. The case was adjourned to March 29, 2012, for DNA results and for defense counsel to appear. (0 days chargeable)(24 days total chargeable). The time for this adjournment is excludable time under New York Criminal Procedure Law Section 30.30(4)(g) and Section 30.30(4)(b).

★   On March 29, 2012, in Part TAP-A, the DNA results were available and defense counsel asked for a motion schedule to be set. The case was adjourned to April 9, 2012, in Part TAP-A, for decision on defendant's motion. (0 days chargeable)(24 days total chargeable). The time for this adjournment is excludable time under New York Criminal Procedure Law Section 30.30(4)(a).

On April 9, 2012, in Part TAP-A, the case was adjourned to May 3, 2012, in Part TAP-A for decision on motion. (0 days chargeable)(24 days total chargeable). The time for this adjournment is excludable time under New York Criminal Procedure Law Section 30.30(4)(a).

On May 3, 2012, in Part TAP-A, a decision was issued by the Court and the case was adjourned to June 14, 2012, in Part TAP-A, for trial. (0 days chargeable)(24 days total chargeable) The time for this adjournment is excludable time under New York Criminal Procedure Law Section 30.30(4)(a) and Section 30.30(4)(b).

On June 14, 2012, in Part TAP-A, the case was adjourned to June 26, 2012, in Part TAP-A, for new defense counsel to be assigned.   (0 days chargeable)(24 days total chargeable). The time for this adjournment is excludable time under New York Criminal Procedure Law Section 30.30(4)(b).

On June 26, 2012, in Part TAP-A, a new attorney was assigned to the defendant and the case was adjourned to July 23, 2012, in Part TAP-A, for control. (0 days chargeable) (24 days total chargeable). The time for this adjournment is excludable time under New York Criminal Procedure Law Section 30.30(4)(b).

On July 23, 2012, in Part TAP-A, the case was on for control and the case was adjourned to August 30, 2012, for trial. (0 days chargeable)(24 days total chargeable). The time for this adjournment is excludable time under New York Criminal Procedure Law Section 30.30(4)(b).

On August 30, 2012, in Part TAP-A, a motion schedule was requested by defense counsel and the case was adjourned for October 4, 2012, for decision on motion. (0 days chargeable)(24 days total chargeable). The time for this adjournment is excludable time under New York Criminal Procedure Law Section 30.30(4)(a).

On October 4, 2012, in Part TAP-A, the People requested additional time to respond to the defendant's motion and the case was adjourned to October 11, 2012, in Part TAP-A, for People's response and decision on motion.(0 days chargeable)(24 days total chargeable). The time for this adjournment is excludable time under New York Criminal Procedure Law Section 30.30(4)(a).

Defendant's motion should be denied.  The People were ready for trial within the statutory time limit of 90 days established by Criminal Procedure Law Section 30.30(2)(a). In fact, only **24 days** are chargeable to the People under the Criminal Procedure Law.

In sum, defendant fails to meet his burden.  The People were ready well within the 90 days allowed to be ready for trial pursuant to Criminal Procedure Law Section 30.30(2)(a).  The People are ready to proceed to trial at this time.  The People are only chargeable with 24 **days** under the Criminal Procedure Law.  Defendant's motion to dismiss should be denied.

WHEREFORE, the People respectfully request the defendant's motion be denied in all respects.

DATED:      Kew Gardens, New York      Respectfully submitted,
**October 11, 2012**

RICHARD A. BROWN
DISTRICT ATTORNEY
QUEENS COUNTY

BY:                                  

**MICHAEL WHITNEY**
Assistant District Attorney

TO:     Clerk of the Court, Part **TAP-A**

Attorney for Defendant

5

SUPREME COURT, QUEENS COUNTY
CRIMINAL TERM, PART TAP-A

THE PEOPLE OF THE STATE OF NEW YORK

|  |  |
|---|---|
| *against* | **BY**:   Fernando M. Camacho, J. |
| **DARREN STATON,** | **Date**:  December 20, 2012 |
| Defendant | **Ind. No.**: 856/2011 |

By Notice of Motion, the Defendant moved this Court for an Order releasing him from custody pursuant to **Criminal Procedure Law § 30.30-2(a)** alleging that the People have failed to move the instant matter to trial within the statutory period of ninety days. The People filed an Affirmation in Opposition. After reviewing the motion papers, the minutes and the court file, an oral decision was issued on the record on November 21, 2012. This written decision reflects the Court's oral determination.

The defendant was arrested on January 4, 2011 and arraigned in Criminal Court, on the underlying felony complaints[1], on January 5, 2011 at which time he was 'remanded' to custody. The defendant waived his rights under **Criminal Procedure Law §§ 30.30** and **180.80** at arraignment and continued to do so until April 6, 2011. On April 6, 2011 the People filed a 'Notice of Voted Indictment' and the Indictment was filed on April 22, 2011 with a 'certificate of readiness'. The People are charged from the expiration of the waiver to the date the Indictment was filed, a total of **sixteen (16) days**.

The defendant was arraigned on the Indictment on April 27, 2011 in Part TAP-A, where a motion schedule was set and the matter adjourned to June 14, 2011 for 'decision'. On June 14, 2011, the matter was adjourned to July 7, 2011 for 'decision'. On July 7, 2011, the Court issued a decision and the matter was adjourned to July 27, 2011 for 'hearings'. The time between the filing of the Indictment and arraignment in Supreme Court is excludable, *People v. Goss*, 87 NY2d 792

---

[1] Docket Nos. 2011QN000548, 2011QN000549 and 2011QN000550.

(1996); *People v. Walton*, 518 NYS2d 930 (Sup. Ct. Qns. Cty., 1987), as are the adjournments for motions and decision, **Criminal Procedure Law § 30.30-4(a)**; *People v. Worley*, 66 NY2d 523 (1985); *People v. Wells*, 16 AD3d 174 (1st Dept., 2005) [People are entitled to a reasonable amount of time to prepare for hearings once ordered]. Accordingly, this time period is excludable.

On July 27, 2011, the People announced 'not ready' and requested an adjournment to August 4, 2011 for hearings. The matter was adjourned to August 4, 2011. The People are charged with **eight (8) days** for this adjournment.

On August 4, 2011, the People announced 'ready' and hearings commenced[2]. Hearings were continued on September 9, 2011 and adjourned to October 26, 2011 for 'decision'. Once the court rendered a decision on the pre-trial hearings, the matter was adjourned to February 3, 2012 for 'trial'. These adjournments are excludable, **Criminal Procedure Law § 30.30-4(a)**; *People v. Green*, 90 AD2d 705 (1982) [People are entitled to a reasonable amount of time to prepare for trial after the court has decided defense motions].

On February 3, 2012, the People announced 'not ready' and requested February 24, 2012, citing that they were awaiting DNA results. The matter was adjourned to March 5, 2012. In order for this time to be excludable under **Criminal Procedure Law § 30.30-4(g)**, as the People suggest, a showing of diligence in securing the DNA must be made, *People v. Rahim*, 2012 NY Slip Op 808 (2nd Dept., 2012); *People v. Ellison*, 28 Misc.3d 1223A (NY Cty, 2010). The People have not provided any information in support of exclusion under **Criminal Procedure Law § 30.30-4(g)**. The People are charged, however, only for the time they requested, *People v. Bruno*, 300 A.D.2d 93 (1st Dept., 2003); *People v. Anderson*, 66 NY2d 529 (1985). Accordingly, **twenty-one (21) days** are chargeable for this adjournment.

On March 5, 2012, the matter was adjourned, at the request of the defense, to March 29, 2012. In the interim, on March 28, 2012, the defendant filed a motion to sever counts of the Indictment and on March 29, 2012, the matter was adjourned to April 9, 2012 for the People's response. The matter was then adjourned to May 3, 2012 for 'decision'. These adjournments are excludable, **Criminal Procedure Law § 30.30-4(a)**; *People v. Worley*, 66 NY2d 523 (1985) [time

---

[2] The matter was sent, forthwith, to Part K-21 for hearings.

required for defendant's pre-trial motions are caused by the defendant for his own benefit and should be excluded].

On May 3, 2012, the defendant's motion was denied and the matter was adjourned to June 14, 2012 for 'trial'. This adjournment is excludable, *People v. Green*, supra.

On June 14, 2012, new defense counsel was assigned and the matter was adjourned to June 26, 2012 for 'control'. This adjournment is excludable, **Criminal Procedure Law § 30.30-4(b)**; *Worley*, supra.

On June 26, 2012, the matter was adjourned, on consent, to July 23, 2012 to 'set a trial date'. On July 23, 2012, a trial date of August 30, 2012 was selected. These adjournments are excludable, **Criminal Procedure Law § 30.30-4(b)**; *Worley*, supra.

On August 30, 2012, an adjournment was granted, at the request of the defense, to file the instant motion. A motion schedule was set and the matter adjourned to October 4, 2012 for the People's response. The instant motion was filed on September 17, 2012. On October 4, 2012, matter was adjourned to October 11, 2012 for the People's response. On October 11, 2012, the matter was adjourned to October 24, 2012 for 'decision', then to November 21, 2012 for 'decision'. These adjournments are excludable, **Criminal Procedure Law § 30.30-4(a)**; *Worley*, supra.

3

**Criminal Procedure Law § 30.30-2(a)** provides that when a defendant has been committed to custody, he must be released on bail or on his own recognizance if the people are not ready for trial within ninety days where at least one of the offenses charged is a felony. A computation of the time from the date the defendant was committed to custody, February 3, 2011 and the People's statements of readiness, minus any excludable time, plus the periods of post-readiness delay not eligible for exclusion under the statute, amount to a total of **forty-five (45) days**. Accordingly, the defendant's motion for release is denied.

Order entered accordingly.

DATED:     Kew Gardens, New York
           December 20, 2012

_____
           Fernando M. Camacho, J.

4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS: CRIMINAL TERM : PART TAP-A
-------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,

        -against-

                                   **IND. No. 00856/11**

                                   **MOTION PURSUANT TO**
                                   **CPL 30.30, 2(a)**

DARREN STATON,
                        Defendant.
-------------------------------------------------------------------X

        PLEASE TAKE NOTICE, that upon annexed affirmation of SCOTT M. DAVIS, Esq. of

DAVIS & GUGERTY, attorneys at law and based upon all the proceedings heretofore had

herein , the undersigned duly assigned to represent the defendant, will move this Court at a

Criminal Term, Part Tap A, thereof  to be held in and for the County of Queens, at 125-10

Queens Blvd. Kew Gardens, New York, on the 9th day of April , 2013, at 9:30 a.m. for :

             1. A Motion for the Defendant's release pursuant to CPL  30.30, 2 (a)

    And for such other and further relief as this Court may deem just and proper.

DATED:  QUEENS, NEW YORK
          March 26, 2013

                                 Yours etc.,

                                 Davis & Gugerty
                                 Attorneys for Defendant
                                 118-35 Queens Blvd., Suite 1500
                                 Forest Hills, New York  11375
                                 (718) 268-2986

                             "E"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS: CRIMINAL TERM : PART TAP A
-----------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,


                   -against-                                **IND. No. 00856/11**


                                                            **AFFIRMATION**

DARREN STATON,
                                  Defendant.
-----------------------------------------------------------------------X

State of New York )
                  ) ss:
County of Queens   )

      I Scott M. Davis, being an attorney at law admitted to practice in the Courts of the State

of New York and being a partner in the law firm of  DAVIS & GUGERTY who were duly

assigned to represent the Defendant herein, do hereby affirm the statements herein to be true

under the penalties of perjury, except such as are made upon information and belief which

matters I believe to be true.

      1)      Your affirmant was assigned to this case pursuant to 18B of  the County Law as

the Tap Anchor on June 14, 2012.

      2)      Mr. Staton was arraigned on January 5, 2011. He was remanded and the case was

adjourned to January 19, 2011. He executed a speedy trial waiver which expired on February 2,

2011.

      3)      On January 19, 2011 the case was adjourned to February 16, 2011. There is no

indication in the court file that this adjournment was on consent or that the waiver was extended.

4.    On February 16, 2011 the case was adjourned to March 23, 2011. There is no indication in the court file that this adjournment was on consent or that the waiver was extended.

5.    On March 23, 2011 the case was adjourned to April 6, 2011. There is no indication in the court file that this adjournment was on consent or that the waiver was extended.

6.    On April 6, 2011 the case was sent forthwith to Part AR3 where the defendant was notified that he was indicted. The case was adjourned to April 27, 2011 Part Tap-A. There is no indication in the court file that this adjournment was on consent or that the waiver was extended.

7.    On April 27, 2011 Mr. Staton was arraigned on the indictment and a motion schedule was set. The case was adjourned to June 14, 2011 for decision on the motions.

8.    On June 14, 2011 the case was adjourned to July 7, 2011 for decision. There is no indication in the court file that this adjournment was on consent .

9.    On July 7, 2011 a decision was rendered granting Dunaway, Mapp, Wade and Payton hearings. The case was adjourned to July 27, 2011 for hearings. There is no indication in the court file that this adjournment was on consent .

10.    On July 7, 2011 the district attorney answered not ready. The case was adjourned to August 4, 2011.

11.    On August 4, 2011 the case was sent forthwith to part K-21 for hearings. The case was adjourned for continued hearing to September 9, 2011·. There is no indication in the court file that this adjournment was on consent .

12. On September  9, 2011 hearing were continued and the case was adjourned for a decision to October 26, 2011.

13. On October 26, 2011 and November 16, 2011 the case was adjourned for decision.

14. On December 21, 2011 a decision was rendered . The case was adjourned to February 3, 2012. There is no indication in the court file that this adjournment was on consent .

15. On February 3, 2012 the case was adjourned to March 5, 2012. There is no indication in the court file that this adjournment was on consent .

16. On March 5, 2012 the defense requested an adjournment to March 29, 2012.

17. On March 29, 2012 the case was adjourned to April 9, 2012. The People answered not ready.

18. On April 9, 2012 the case was adjourned to May 3, 2012 for a decision on the defense motion.

19. On May 3, 201 a decision on the motion to sever was rendered.  The case was adjourned to June 14, 2012 for trial . There is no indication in the court file that this adjournment was on consent .

20. On June 14, 2012, instant counsel was appointed. The case was adjourned to July 23, 2013 for new defense counsel to obtain and review the defendant's file.

21. From July 23, 2012  to March 8, 2013 there have been thirteen (13) adjourn dates. During these adjournments some time periods have been charged to the prosecution. The total of said time chargeable to the prosecution is in excess of ninety (90) days.

22. Accordingly, pursuant to CPL§ 30.30(2)(a), the defendant, having been charged with at least one felony offense,  must be released on bail or his own recognizance from the custody of New York City Department of Corrections, insofar as the People have not been ready for trial in the instant criminal action within ninety (90) days from the commencement  of Mr. Staton's commitment to  custody of the Sheriff.

Davis & Gugerty
118-35 Queens Blvd. Suite 1500
Forest Hill, N.Y. 11375
By: Scott M. Davis

Scott M. Davis

SUPREME COURT OF THE STATE OF NEW YORK
QUEENS COUNTY CRIMINAL TERM    PART K-12
-----------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK          :
                                             :
                   -against-                 :          Ind No: 00856/2011
                                             :
                                             :
                                             :          DECISION & ORDER
                                             :          **SPEEDY TRIAL**
DARREN STATON,                               :          **RELEASE CPL 30.30(2)(a)**
                          Defendant(s).      :
-----------------------------------------------------------------------X
HON. IRA H. MARGULIS, Justice

   Defendant, being indicted for Robbery in the first degree (PL 160.15 [4]) and related

charges, moves *pro se* pursuant to CPL 30.30 (2)(a) to be released on his own recognizance,

arguing the People have not been ready for a period greater than ninety (90) days from the

commencement of the action.  For the following reasons, defendant's application is denied; the

Court finds that seventy-four (74) days are chargeable to the People.

   Defendant's motion is first denied as defendant is represented by counsel and has no right

to hybrid representation. (People v Rodriguez, 95 NY2d 497 [2000])

   Defendant's motion is also denied as the issue of statutory speedy trial time has already

been decided by a Justice of this court.

   CPL 30.30 (2)(a) provides:

   Except as provided in subdivision three, where a defendant has been committed to
   the custody of the sheriff in a criminal action he must be released on bail or on his
   own recognizance, upon such conditions as may be just and reasonable, if the people
   are not ready for trial in that criminal action within ninety days from the
   commencement of his commitment to the custody of the sheriff in a criminal action
   wherein the defendant is accused of one or more offenses, at least one of which is a
   felony

   Here the record shows that the court already litigated the issue of whether defendant



should be released pursuant to CPL 30.30 (2) (a) and found that less than ninety days of chargeable time had accrued. When the case was called in Part TAP A on March 8, 2013 defense counsel stated that he wanted to reargue the court's decision, and, in addition, have the court (Kron, J.) determine whether additional time had accrued. Justice Kron determined that only seventy-four (74) days had accrued - hence defendant is not subject to the release provisions of CPL 30.30.

 This Court cannot now reconsider Justice Kron's ruling.

 Accordingly, the People are charged with seventy-four (74) days. As this period is less than the ninety day period mandated by CPL 30.30 (2)(a), defendant's motion to be released on his own recognizance is denied.

 The foregoing constitutes the decision and order of this court.

Kew Gardens, New York
Dated: May 20, 2013

JUSTICE  IRA. H. MARGULIS

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS          :          PART_____
-----------------------------------------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK

     -against-

Darren Staton

                                                      **Defendant.**
-----------------------------------------------------------------------x

**Waiver of 180.80, 190.80
And 30.30 Rights**

Docket #: 2011QN000548

State of New York  )
                  ss.:
County of Queens  )

     The defendant hereby requests that this case be adjourned to Part AP-6 or Part AP-N, on the ___19___ day of ___Jan___ , 2011 , for conference.

     The defendant hereby waives any and all constitutional rights to a speedy trial as well as all statutory rights under CPL Sections 180.80, 190.80 and 30.30 until the ___2___ day of ___Feb___ 2011 .

Dated:        ___1/5___ 2011
             **Kew Gardens, New York**

            x_____
              **Defendant**

            x_____
              **Attorney For Defendant**

01/05

DEFENDANT

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS: Part 58
----------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

       - against -
                                           Indictment. No. 856-10
                                              **ORDER**

DARREN STATON,
                            Defendant.
----------------------------------------------------------X

       Defendant is charged with a series of robberies and other related charges, as a result of three separate incidents which occurred in late 2010.  Defendant now moves this court to suppress identification evidence on the grounds that the identification procedures employed were unduly suggestive. Defendant also seeks to suppress the property recovered from defendant upon his arrest.

       On August 4, 2011 and September 9, 2011, a *Mapp/Wade/Dunaway/Payton* hearing was held before this Court.  Police Officer Ronald Martiny testified for the People.  Defendant presented three witnesses, his sister, mother and girlfriend.

### FINDINGS OF FACT

       On December 23, 2010, Detective Martiny while on patrol, was called to the 113th precinct to interview a victim of a robbery which had just occurred in Rochdale Village. Upon interviewing the victim, Bernice Miley, he learned she was robbed of her possessions and her pocketbook while riding in the elevator to her daughter's apartment. He obtained a description of the perpetrator. He also learned from her that the perpetrator dropped his cell phone while fleeing. Detective Martiny then retrieved the cell phone number from the phone, gave the number to the Real Time Center and the 113th Squad[1] and after running it through their data bases, he was advised that it belonged to Mr.

---

[1] Mr. Staton had provided the number to the 113th precinct when interviewed on a prior date for an unrelated incident.



Staton. Detective Martiny then obtained a photo of Mr. Staton and placed it in a photo array[2] which he then showed to Ms. Miley. She immediately pointed to the photo of the defendant and signed and dated her identification.

Thereafter, on December 28, 2010, while in the process of interviewing another crime victim, Belinda Dellison, Detective Martiny learned that while she was walking to her residence, a perpetrator took her pocketbook. The detective then showed her a photo array which included a photo of the defendant, and she picked out the defendant and signed and dated her identification. The detective then issued an Icard, which is distributed through the computer and identifies the subject as a person of interest sought by him.

On January 4, 2011, in the early morning hours, Detective Martiny left the 113th Precinct with his partner Detective Carson, and Detective Rutherford from the warrant squad, with the intention of arresting the defendant, Mr. Staton. Detective Martiny had obtained Mr. Staton's address from phone records. Detective Rutherford intended to apprehend another individual, Darnell Kingsberry, possibly residing at the same address, on an open arrest warrant from 2008.

Once the Officers got to the residence at 140-45 160th Street, Detective Rutherford rang the bell and spoke with the defendant's sister, Maddie May. Detective Martiny had been waiting at the side of the building and upon seeing his fellow officers enter the residence, he followed them in. Once inside, Detective Martiny asked Maddie May where the defendant, Darren Staton was. She responded that he was upstairs and yelled for him. The defendant then came down the stairs, Detective Martiny identified himself and told Mr. Staton he wanted him to come to the precinct with him. Detective Martiny then followed him upstairs to get dressed. While in defendant's bedroom, Detective Martiny observed a brown jacket, ID card and digital camera. Mr. Staton put on the jacket and they left together. Detective Martiny testified that Mr. Staton was under arrest at that time and he took him to the 113th Precinct.

Later that same day, at approximately 6:30 p.m., Detective Martiny conducted a lineup at the 113th Squad. He had bought new, white shirts and hats for all six of the people in the lineup, the

---

[2] The photo array was generated by a computer.

2

defendant and the five "fillers", people the Detective had chosen who were similar in age and physical characteristics to Mr. Staton. Separately, Detective Martiny asked Ms. Miley and Ms. Dellison if they recognized anyone in the lineup. Both, separately and independently, chose the defendant and identified him as the one who had stolen their pocketbook. A third complainant, Ms. Whittington, on a separate case, also viewed the lineup and identified the defendant as the one who stole her pocketbook.

This Court has examined the photo arrays submitted into evidence as People's Exhibits One and Two and the lineup photographs submitted into evidence as People's Exhibits Three and Four. The photographs reflect that all the fillers were African American, had the same skin tone, hairline and goatee as defendant. Additionally, participants in the lineup were seated and all were wearing new white shirts and hats. The photographs depict a frontal view of six different men of the same race, of similar height, facial hair, skin tone and overall appearance.

## CONCLUSIONS OF LAW
### *Photo Array and Lineup*

Defendant's motion to suppress identification evidence, both photo array and lineup, on the grounds that the identification procedures employed by police were unduly suggestive, is denied. *See, U.S. v. Wade,* 388 U.S. 218 (1967). While the People have the initial burden of establishing the reasonableness of police conduct and the lack of undue suggestiveness in a pretrial identification procedure, it is the defendant who bears the ultimate burden in proving that such a procedure was unduly suggestive. *See People v. Chipp,* 75 N.Y.2d 327, 335 (1990); *People v. Berrios,* 28 N.Y.2d 361 (1971). In this case, defendant has failed to offer any proof of any impermissibly suggestive police conduct with respect to either the photo array or lineup identification procedures.

Defendant argues that the filler next to him in the lineup was 13 years younger than he. It is well settled that there is no requirement that the participants in a lineup be nearly identical in

3

appearance to one another. *See, Chipp,* 75 N.Y.2d at 336. The only requirement is that the participants "resemble each other sufficiently so that defendant is not singled out for identification." *Chipp,* 75 N.Y.2d at 336. Here, the People met their burden in that the photographs depict a frontal view of six different men of the same race, of similar height, facial hair, skin tone and overall appearance. There was no indication that either the photo array or the lineup was unduly suggestive. Accordingly, defendant's motion to suppress identification evidence, both photo array and lineup, is denied.

### *Probable Cause to Arrest*

Upon the two complainants' photo array identifications of defendant, the police had probable cause to effectuate his arrest. It is well settled that "information provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to arrest." *See People v. Martin,* 221 A.D.2d 568, 569 (2d Dept. 1995).

### *Arrest in Defendant's Home*

Officer Martiny testified that he never obtained an arrest warrant for Mr. Staton, but rather went with his fellow officers to the defendant's home with only the arrest warrant for Darryl Kingsberry. After obtaining entry, the officer found and arrested the defendant, Darren Staton. It is well established that a warrantless search of an individual's home is presumed unconstitutional. *See, People v. Payton,* 445 U.S. 573 (1980). Here, the police did not have an arrest warrant for Mr. Staton, although they did have an arrest warrant for a third party, Darrel Kingsberry, who had previously resided at the same address, on an unrelated crime. The police may enter the home of an individual who is the subject of an arrest warrant when they reasonably believe that the defendant is present (*see,* CPL §120.80[4] ), but it is incumbent upon the them to demonstrate a "reasonable belief the defendant is present within" *See, People v. Payton,* 445 U.S. at 603; *People v. Gerecke,* 34 A.D.3d 1260 (4th Dept 2006).

Courts must review the efforts the police make to ascertain whether an individual named in

4

an arrest warrant resides at the address in the warrant and whether he is actually present when deciding if the search was reasonable under the circumstances. It is necessary that police show "some modicum of concrete, believable information of recent vintage, pointing to the suspect's presence at the time his home is searched" *People v. Cabral*, 147 Misc.2d 1000, 1007, 560 N.Y.S.2d 71 (Sup Ct, Kings County 1990); *see also, People v. Brown*, 56 A.D.2d 543 (1st Dept 1977). Here, the People failed to show any effort on the part of the police to verify the current residency of Darryl Kingsberry, for whom they had an arrest warrant. That arrest warrant was over two years old. The People failed to adduce any evidence from Department of Motor Vehicle records, postal service records or verification by neighbors that there existed any believable information of recent vintage sufficient to show Mr. Kingsberry's presence in the home. On the contrary, the police were advised by the defendant's sister that Mr. Kingsberry had not lived there in two years. Thus, the People have failed to show that their entry into defendant's home was legal based on the arrest warrant for Darryl Kingsberry.

The People contend that, apart from the validity of the search based on the arrest warrant for Kingsberry, the entry into the defendant's home was lawful because his sister, Ms. May, consented to it.[3] The People concede that Ms. May "did not explicitly" invite the police into the home and that she said "one minute" as she left the police at her front door to go get her mother. The People argue however, that this conduct by Ms. May at the time of the search shows that she did, in fact, consent to it. Although a person may consent to the warrantless search of his or her home, "[i]t is the People's burden to establish the voluntariness of defendant's consent, and that burden is not easily carried, for a consent to search is not voluntary unless it is a true act of the will, an unequivocal product of an essentially free and unconstrained choice. Voluntariness is incompatible with official coercion, actual or implicit, overt or subtle.'" *People v. Packer*, 49 AD3d 184, 187 (1st Dept.2008), *quoting People v. Gonzalez*, 39 N.Y.2d 122, 128 (1976). Here, the People failed to call Police Officer

---

[3] The People also contend that the police had the "authority to enter defendant's apartment under exigent circumstances" but do not support this statement with any evidence as they proceeded under the theory of implied consent by Ms. May.

5

Rutherford, the officer who allegedly obtained this consent from Ms. May. Rather, the court is left only with the testimony of Ms. May who denied allowing the officers to enter her home, claiming they entered only after she had left them at the front door to get her mother.

In *People v. Jones*, 2 N.Y.3d 235 (2004), the Court of Appeals accepted the Supreme Court's holding that there was a clear *Payton* violation on facts analogous to those at bar. In *Jones*, the police, acting without an arrest warrant, went to the defendant's home and were met at the door by his mother. The mother left the officers at the door while she went to find her son. The police followed her inside. The police then found the defendant and placed him under arrest. Finding that the mother had not given consent, the court held that a *Payton* violation occurred.

Based on the undisputed testimony of Ms. May that she told the officers to wait "one minute" but that they subsequently entered her home without her consent, this court finds that the arrest of the defendant in his home, although supported by probable cause based on the photo array identifications, was effectuated unlawfully. *See, People v. Jones, supra* at 239. Accordingly, as the burden of establishing the voluntariness of the consent is on the People, given the evidence in this case, this burden has not been met and as a result, the arrest of defendant in his home was unlawful.

### *Suppression*

Evidence recovered as a result of a *Payton* violation is generally suppressed as the fruit of an unlawful arrest. *See, e.g. People v. Burden*, 99 A.D.2d 552 (2d Dept.1984). Defendant seeks suppression of the leather jacket, a camera and ID card, claiming they must be suppressed as tainted fruit of the poisonous tree, in light of the *Payton* violation. This court agrees and accordingly, these items shall be suppressed. *See, Payton, supra.* Further, no evidence was presented by the People that, irrespective of the initial illegality, the items seized at Mr. Staton's home would have been discovered through routine police procedure. *See, People v. Walker*, 198 A.D.2d 785 (4th Dept. 1993).

However, this court's holding that the defendant's arrest in his home was unlawful does not bear upon the validity of the subsequent lineup, the procedures for which this court has reviewed and

held to be valid. Recognizing that evidence recovered as a result of a *Payton* violation is generally suppressed, the Court of Appeals has carved out an exception to this rule with regard to identification procedures. In *People v. Jones, supra,* the Court of Appeals specifically examined whether the exclusionary rule applies to identification evidence conducted in the absence of counsel subsequent to an arrest made in violation of *Payton. See, Jones* at 237. In holding that our State Constitution does not require the suppression of evidence of a lineup identification made in violation of *Payton,* the Court clarified that its holding was predicated on the existence of probable cause at the time of the arrest. *See, Jones* at 244-245. Thus, since probable cause existed at the time of defendant Darren Staton's arrest, the lineup subsequent to the *Payton* violation was not an identification that followed directly from the illegal detention of the defendant and thus is not the "fruit of a poisonous tree" subject to suppression, since "the requisite connection between the violation of a constitutional right and the derivative evidence is absent." *See, Jones* at 242 (citing *People v. Burr* 70 N.Y.2d 354, 362). Accordingly, even in light of the *Payton* violation, for the reasons previously set forth the lineup remains lawful.

### Cellular Phone

Defendant seeks suppression of the cellular phone found by Detective Martiny and information obtained therefrom, claiming a Fourth Amendment right to privacy for the phone and its contents. The cell phone is an important part of the case, as it was found at the scene of one of the crimes and ultimately identified the defendant as the owner. In *People v. Glover,* upon recovering a cell phone, the detective used the phone to determine the owner of the phone. Use of the phone to determine its owner was held to be proper. *See, People v. Glover,* 2009WL2022296 at 5. Here, the defendant allegedly dropped the phone while fleeing one of the robberies, and failed to retrieve it, thus abandoning it. Accordingly, he abandoned the cell phone and is not entitled to constitutional protections relating to it. *See e.g., People v. D'Ambrosio,* 28 A.D.2d 1130 (2nd Dept. 1967). Accordingly, defendant's motion to suppress the cellular phone is denied.

Based on the foregoing, the defendant's motion to suppress identification evidence, the photo array and lineup, is denied. Since the arrest of defendant in his home was unlawful, the leather jacket,

camera and ID card found therein are suppressed. That branch of defendant's motion seeking suppression of the cellular phone is denied.

This constitutes the decision and order of the Court.

DATED: December 1, 2011

JEFFREY D. LEBOWITZ, J.S.C.

Fax:                    Aug  4 2011 10:56am  P002/003

SUPERIOR COURT

# Warrant of Arrest

SUPREME COURT OF THE CITY OF NEW YORK

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK:

An Accusatory instrument having been filed

KINGSBERRY   DARNELL

the defendant in the criminal action

AND

[X] the defendant not having been arraigned upon the accusatory
instrument by which this criminal action was commenced and the defendant was
known and the Court refusing to fix bail and direct the appearance before

[ ] ...

[ ] ...

You are, therefore, commanded forthwith to arrest the defendant named above and
bring him before this Court without unnecessary delay.

By Order of the Court:

_____
Justice of the Supreme Court

| Bail Condition Violated: | ROR | Date of Warrant | 6/26/2008 |



| NCIC No: | | DCJS No: | | OCA No: | F2008400088 |
| Defendant Name | KINGSBERRY, DARNELL | | | Sex | M |
| AKA: | | Ht: | 604 | Wt: | 180 |
| Race: | B | DOB: | 1/3/1986 | Age: | 25 |
| Eyes: | BRO | Hair: | BLK | Skin Tone: | UNK |
| Driver Lic No: | | Yr Lic Exp: | | Lic St: | |
| SSN: | | | | NYSID #: | 00173209L |
| ADDRESS: | 140-45 180TH ST JAMAICA, NY, 11434 | | | | |

| Arrest Date: | 1/1/0001 | Precinct: | | Arrest ID | |
| Charge | CPL | Penal Law | 410.80 | Crime Class | F |
| Dept/Agency | | Command: | | Tax Reg # | |
| Officer Name: | | | | Shield # | |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS: PART TAP A
- - - - - - - - - - - - - - - - - - - -X
THE PEOPLE OF THE STATE OF NEW YORK,

**NOTICE OF MOTION**
**IND. NO.: 856/11**

        -against-


DARREN STATON,

                    Defendant.
- - - - - - - - - - - - - - - - - - -X

        SCOTT M. DAVIS, ESQ., an attorney admitted to practice in
the State of New York, being the attorney of record for the
defendant, affirms, under the penalties of perjury that the
following facts, upon information and belief, are true:

        The source of affiant's information and belief is the Court
records, the conversations had with the defendant and the
District Attorney.

                I.   **MOTION TO DISMISS  (30.30)**

        The defense moves, pursuant to CPL Section 30.30 to dismiss
the charges filed against the defendant, DARREN STATON.
Dismissal is mandated because the People have failed to show
readiness for trial within 180 days after the commencement of
the above-noted action.

        1.    The defendant was arrested/indicted on January 4,
2011, and arraigned on April 27, 2011, in the Part TAP A,
Supreme Court, Queens County.

        2.    That is more than 180 days have elapsed since the
defendant was arrested and the People have not affirmatively
answered "ready for trial".

        3.    The legislature drafted CPL Section 30.30 as a "ready"
rule, intended to assure speedy trials by imposing on the
prosecutor a strict standard of diligence and blamelessness,
excusing him only when delay was caused solely by the defendant



Dated:    Forest Hills, New York
          April 30, 2013


                              _____
                              Scott M. Davis, Esq.



# PHONE FINDER

RTCC Case #:
User: MARCANO, ANTHONY
Phone Number : 7183747733



## Complaints

| Complaint Date: Jul 11, 2007<br>Complaint Pct: 052<br>Complaint #: 7284 | Name: UNK UNK<br>Role: PERP<br>Address:<br>Phone Number: 7183747733<br>Phone Type: HOME | DOB:<br>Pedigree: UNKNOWN / WHITE HISPANIC /<br>NYSID: |
|---|---|---|

## Arrests

| Arrest Date: Jul 14, 2007<br>Arrest Pct: 044<br>Arrest #: B07655053 | Name: ANTHONY BRAY<br>Address:<br>  11-45 NAMEOKE STREET  QUEENS  NY<br>Phone Number: 7183747733<br>Phone Type: CELL | DOB: Sep 14, 1989<br>Pedigree: MALE / BLACK / 18<br>NYSID: 00955504M |
|---|---|---|

## Arrest Defendant Calls

## Domestic Violence - Offender

## Domestic Violence - Victim

## Calls For Service

| Job Date: Jun 5, 2007<br>Radio Code: 54S2 - AMBULANCE CASE<br>Job #: T07169 | Compl Name: MC<br>Incident Loc: WILLIS AVE | Comp Phone #: 7183747733<br>Call Back Number: 7183747733<br>ANI ALI #: 7183747733 |
|---|---|---|

NEXTEL 439 E 135 ST NE 40 PCT COS:WPH1 LAT:040.811108 LON:-073.918075 OPER 1742-CP68

## 311 Calls For Service (Police Calls Only)

## UF 250 Stop and Frisk Reports

No matching Stop and Frisk records for search performed.

## Probationer Contact

No matching Probationer records for search performed.



DEFENDANT'S
EXHIBIT
A E-172
8-4-11

2:50:05 PM

Dec 23, 2010

## MOTION DEPARTMENT

Supreme Court of the State of New York
Criminal Term
125-01 Queens Boulevard
Kew Gardens, N.Y. 11415

DATE _____09/19/2012_____

DARREN STATON                    IND  00856-11    _____-__    _____-__

B/C # 441-11-00127

18-18 HAZEN STREET

EAST ELMHURST, N.Y. 11370

Dear Sir/Madam,

Your communication of _____09/14/2012_____

has been forwarded to Part_____TAP-A_____.

### WHERE YOUR CASE IS ON THE CALENDAR 10-4-12

MOTION DEPARTMENT

ur writ of Habcas
erpus was Filed
n 5-30-12 and was en
e 6-14-12 Celendar

Was Never Call to court "
- This hearing Nor was
ex Not Given )



**OFFICE OF CHIEF MEDICAL EXAMINER**
520 First Avenue, New York, New York 10016



DEPARTMENT OF FORENSIC BIOLOGY
421 East 26th Street, New York, New York 10016
Mechthild Prinz, PhD, Director
Telephone: 212.323.1200 · Fax: 212.323.1590
Email: dnalab@ocme.nyc.gov
Official Website: http://www.nyc.gov/ocme

**DATE: February 22, 2012**

## LABORATORY REPORT

**SUSPECT:** Darren Staton          **NYSID NO:** 04829367L          **LAB NO:** FB11-S1645

**COMPLAINT NO:** 2010-113-11148          **ARREST NO:** Q11600395          **START DATE:** 12/27/2011

**RESULTS AND CONCLUSIONS:**

PCR DNA testing using the AmpFℓSTR® Identifiler® PCR Amplification Kit was done on the buccal swab from Darren Staton.  A mixture of DNA from at least two people, including at least one major male contributor, was found.

**Further analysis could be done upon submission of another oral swab from the suspect.  Further analysis will require approximately 60 days.**

This profile was compared to the results in the following case:

| FB Number | Complaint Number | Complainant | Report Date |
|-----------|------------------|-------------|-------------|
| FB10-08851 | 2010-113-11248 | Beatrice Miley | February 1, 2011 |

Since all of the DNA alleles seen in the DNA profile of the major DNA donor to the buccal swab are seen in the mixture of DNA found on the sample listed below, the major DNA donor to the buccal swab **could be a contributor:**

swab of "Motorola I290"

The DNA profile of the major DNA donor to the buccal swab does not match any PCR (STR) DNA profiles in the local OCME database to date.

The DNA profile above is suitable for entry into the OCME local DNA databank.

