

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**JESSE N. ZILINSKI**
*Assistant Corporation Counsel*
phone: (212) 356-2381
fax: (212) 356-3509
email: jzilinsk@law.nyc.gov

August 4, 2023

**BY ECF**
Hon. Lois Bloom
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York, 11201

   Re: <u>Darren Staton v. Police Commissioner, et al.</u>,
     13-CV-6236 (KAM) (LB)

Your Honor:

   I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney representing Defendants City of New York, Ray Kelly, John Rutherford, Scott Carson, and Ronald Martiny (collectively "Defendants") in the above-referenced matter. Defendants respectfully write in response to the Court's June 27, 2023, Order directing them to file a status letter stating whether they "have produced to plaintiff as hereby directed the affidavit and any other documents supporting the warrant for Darryl Kingsberry that led to plaintiff's January 4, 2011, arrest." (<u>See</u> ECF No. 78).

   By way of brief background, Plaintiff initiated this lawsuit on June 5, 2013, alleging that his rights were violated by Defendants when they arrested him in his home on January 4, 2011, with only a search warrant for Darnell Kingsberry. (<u>See</u> ECF No. 2). Plaintiff was thereafter convicted on his state law criminal charges and the case was stayed pending the outcome of Plaintiff's criminal appeals. (<u>See</u> ECF Nos. 39, 40). The stay was lifted on March 29, 2023. (<u>See</u> ECF No. 72).

   On June 27, 2023, the Court issued a scheduling order and ordered Defendants to produce the supporting affidavit or other documents related the warrant for Mr. Kingsberry. (<u>See</u> ECF No. 78). The order also directed the Defendants to, by today, file a status letter stating whether they "have produced to plaintiff as hereby directed the affidavit and any other documents supporting the warrant for Darryl Kingsberry that led to plaintiff's January 4, 2011, arrest." (<u>See</u> <u>id</u>.)

After consultation with the New York City Police Department ("NYPD"), Defendants inform the Court that, upon information and belief, there is no supporting affidavit for the arrest warrant for Darnell Kingsberry. Specifically, Defendants were able to obtain a clearer version of Mr. Kingsberry's warrant, which still appears active, and determined that the warrant was issued pursuant to New York Criminal Procedure Law 410.40. (See N.Y. C.P.L. § 440.10.) Section 440.10 concerns a court ordering an individual on probation or parole to appear before it, and a penalty for not appearing is an arrest warrant. (See id.) The NYPD could not locate a supporting affidavit for Mr. Kingsberry's warrant, and there likely is no affidavit, because "in the case of a bench warrant . . . even an external showing by written or oral application is unnecessary because the judge has seen the offense – i.e., the defendant failed to answer the calendar call." See Harper v. Leahy, 16-CV-4178 (BMC), 2017 U.S. Dist. LEXIS 83136, *9 (E.D.N.Y. May 31, 2017). As such, Defendants are unable to produce an affidavit or other supporting documents (for example, and exhibit of some sort) because, upon information and belief, they do not exist.

Defendants thank the Court for its time and consideration of this request.

Respectfully submitted,

*Jesse N. Zilinski*

Jesse N. Zilinski
*Assistant Corporation Counsel*
Special Federal Litigation Division

Cc:  **By First Class Mail**
Darren Staton
#13-A-4337
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562